DOOLEY *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 27.—Decided March 26, 1907.

RECORD—SEPARATE PROPERTY OF EACH SPOUSE.—A contract for the sale of real property executed in favor of the wife with the consent and concurrence of the husband in accepting and ratifying the deed and giving his consent to the admission of the same to record in the registry in the name of the wife as her sole and exclusive property is recordable, because the simple conjecture that it may involve a donation or gift between the husband and wife, which is prohibited by section 1301 of the Civil Code, cannot serve to invalidate such a contract which appears to be perfect and clothed with all the necessary requirements for its validity.

COMMUNITY PROPERTY.—Although all property of the husband or wife is deemed to be community property so long as it is not proved that it is the private

property either of the husband or the wife, this is a presumption *juris tantum,* subject to proof to the contrary, and therefore the wife, under the circumstances in the case at bar, may at any time show that property is exclusively hers, and there is nothing to prevent the same from being so recorded, as this does not definitely pre-judge or dispose of the question of the ownership of such property, and the parties may at any time exercise their rights in respect thereto.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Mrs. Eliza B. K. Dooley from a decision of the Registrar of Property of San Juan, denying the admission to record of a deed of purchase and sale of certain land.

By public deed executed in this city before Jacinto Texidor y Alcala del Olmo, an attorney and notary of the same, on July 16 of last year, Fred E. Burnett sold to Mrs. Eliza B. K. Dooley, accompanied by and with the assent of her husband, Henry W. Dooley, a lot situated in the district of Machuchal, in the *barrio* of Santurce, having the area and the metes and bounds described in said deed, for the price and sum of $1,000, the receipt of which was acknowledged by the vendor and Mr. Dooley, who was present and stated that he accepted and ratified the deed in every respect in order that it might be recorded in the registry of property in the name of Mrs. Dooley, as her separate and exclusive property. Upon the presentation of this deed for record in the registry of property of this capital, such record was denied by the registrar on the grounds set forth in the decision placed at the end thereof, which reads as follows:

"The record of the foregoing document is denied, because, according to sections 1316 and 1322 of the Civil Code, all property acquired during the marriage for a valuable consideration belongs to the conjugal partnership until it is proven that it belongs exclusively to the husband or the wife; because said document does not show, nor is it even alleged, that the sum invested in the purchase is derived from

the private patrimony of Mrs. Dooley, nor is any reason given for making the record in favor of said Mrs. Dooley as her exclusive property only, the consent of the husband to its being made in this form being given, and it may constitute the gift prohibited by section 1301 of said Code; and the proper cautionary notice, effective for the legal term, has been entered at folio 41, reverse side, of volume 50 of this city, estate No. 2126, record letter A.—San Juan, Porto Rico, November 27, 1906.''

In due time Attorney Jacinto Texidor took an appeal from this decision on behalf of Mrs. Eliza B. K. Dooley, accompanied by her husband, Henry W. Dooley, for the reversal of said decision, and an order to the registrar to record the deed, with the costs.

The mere conjecture of the registrar without any justification whatsoever that in view of the terms of the deed in question, it may involve a gift between husband and wife, prohibited by section 1301 of the Civil Code in force, cannot serve to invalidate a contract or purchase and sale which appears to be perfect and to have all the requisites necessary to make it valid.

Although, according to section 1322 of the said Code, ''all the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or wife,'' this is a presumption *juris tantum,* subject to the result of evidence to the contrary; and, consequently, as Mrs. Dooley may show at any time that the lot is her exclusive property, there is no reason why it should not be recorded in her name, inasmuch as the question of the ownership of the lot is not prejudged thereby, and the rights of the parties are reserved to them and they may assert them at any time as they may see fit.

Under the circumstances, as the deed does not contain any incurable defect preventing its admission to record in the registry of property, the registrar should record it.

In view of the provisions of the said section of the Civil Code in force, and of articles 65 of the Mortgage Law and 110

of the Regulations for its execution, the decision of the registrar of property of this capital, placed at the end of the deed in question, is reversed, and it is ordered that the registrar record it, and that it be returned to him, together with a certified copy of this decision for compliance therewith, and for other purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.